Marie JAMES et al., Appellants,

v.

PENNSYLVANIA GENERAL INSUR-ANCE COMPANY, Appellee.

No. 19834.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 11, 1966.

Decided Nov. 22, 1966.

Mr. Ben Paul Noble, Washington, D. C., with whom Mr. Jack A. Hillman, Washington, D. C., was on the brief, for appellants.

Mr. William H. Clarke, Washington, D. C., with whom Messrs. Richard W. Galiher, William E. Stewart, Jr., and Charles E. Chisholm, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and LEVENTHAL, Circuit Judges.

PER CURIAM:

On this appeal we hold that on the remand following James v. Pennsylvania General Insurance Co., 121 U.S.App.D.C. 251, 349 F.2d 228 (1965) the District Court did not comply with the instructions of this court.

Briefly appellee sought a declaratory judgment that it was not liable to appellants under an automobile liability insurance policy. The issue tendered by the complaint was the existence of fraud on the part of the insured in the procurement of the renewal of the policy, which had lapsed prior to the accident. A claim had arisen on the policy and appellee was handling the defense on the underlying negligence action against the insured when it withdrew to bring this action.

The action was tried to the court without a jury, notwithstanding appellant's jury demand, and the court found fraud.

The judgment for appellee was reversed on appeal by a division of this court, one judge dissenting. In the opinion, cited above, the court stated: Appellants are entitled to a jury trial on the issue of fraud unless the declaratory judgment was simply the counterpart of a suit in equity. Suit in equity was permitted, for lack of an adequate remedy at law, if presenting the fraud defense in an action at law on the contract, would involve delay that would be prejudicial. But such prejudice was not deemed to inhere where an insurance claim had already arisen and a suit on the policy was pending or threatened. The adequacy of appellee's legal remedy depends on the nature of its proof of fraud, whether, e. g., resting on witnesses not available generally and who might have disappeared prior to trial of the law action. Appellee's case seems to turn on documentary proof, and on its own employees, whose testimony would seem to be available and/or subject to perpetuation under Rule 27, Fed.R.Civ.P. However, factors not now in the record may show that "delay in adjudicating the fraud issue likely would have prejudiced appellee's case seriously." Appellee is entitled to a trial court determination on the adequacy of its law remedies, and the case is remanded "with directions to hold a hearing to determine whether appellee's legal remedy was adequate at the time this suit was filed."

On remand the case came before a different district judge. He entered an order finding that appellee did not have an adequate remedy at law at the time suit was filed and could have brought a similar action in equity. The only other finding was: "Delay in presenting the defense fraud would be prejudicial to the plaintiff."

When appellee's counsel inquired whether the judge wished to hear testimony, the judge replied: "I don't know what the Court wanted, but I am not going to take testimony on a question of law. That would be stultification." In the opinion dictated at the conclusion of

argument the judge stated that equity invariably took cognizance of actions to rescind a document for fraud, and that there was no adequate remedy at law because at the time appellee filed its action no legal action had yet been begun against appellee insurer.

We are not called upon to consider whether we would agree with the legal principles stated by the district judge. It is manifest that they are different from the law of the case as set forth in the opinion of this court on the first appeal and that the case must be remanded in order that if appellee continues to oppose the jury demand, a district judge may hold the kind of hearing and determination contemplated by that opinion.

Reversed and remanded.

DANAHER, Circuit Judge (concurring):

When this case was first before us I dissented from the majority action for I was convinced that the trial judge had correctly perceived that the underlying issue was equitable in nature. Whether the case was to be tried by jury, as may be permitted under Fed.R.Civ.P. 57, depended upon circumstances and upon the application of Rules 38 and 39.

Rule 39(a) provides that the trial of issues shall be by jury when demanded unless *"the court upon motion or of its own initiative finds* that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." (Emphasis added.)

As I sought to demonstrate in my dissent, not only had the trial judge not abused the discretion thus afforded to him, rather, he was clearly correct in concluding that the action was equitable in nature.[1]

Following remand for the purpose of determination of what the majority deemed to be relevant factors, it would appear to be so that the judge before whom the case next came on for hearing did not explore those facets. He regarded the is-

---

1. The case had been on the non-jury list for some two years.

sue before him as one of law, and no hearing on the facts was conducted.

Were I free to do so, I would presently affirm on the premise that the case never should have been remanded in the first place. However I deem myself bound by the majority decision which had commanded a hearing.

Under such circumstances I reluctantly concur in the further remand now directed by my colleagues.