Mary DONA, Appellant,

v.

PENNSYLVANIA GENERAL INSUR-
ANCE COMPANY, Appellee.

No. 20800.

United States Court of Appeals
District of Columbia Circuit.

Argued June 13, 1967.

Decided Feb. 1, 1968.

Mr. B. Paul Noble, Washington, D. C.,
with whom Mr. Andrew McR. Barnes,
Washington, D. C., was on the brief, for
appellant.

Mr. William H. Clarke, Washington, D.
C., with whom Messrs. Richard W. Gal-
iher, William E. Stewart, Jr., and Charles
E. Chisholm, Washington, D. C., were on
the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR
K. MILLER, Senior Circuit Judge, and
DANAHER, Circuit Judge.

BAZELON, Chief Judge:

This case, here for the third time,
arises out of a declaratory judgment ac-

tion brought by Pennsylvania General Insurance Co. for the cancellation of an automobile insurance policy allegedly procured by the insured's fraud.[1] The district court, sitting without a jury, cancelled the policy and the defendants appealed, claiming, *inter alia*, that they were erroneously denied the right to a jury trial. We held that "[t]he right to jury trial in a declaratory judgment action depends * * * on whether the action is simply a counterpart of a suit in equity—that is, whether an action in equity could be maintained if declaratory judgment were unavailable * * *."[2] We found that at common law an action for cancellation on the ground of fraud could be maintained in equity only if the "matters giving rise to the right of recision could not be adequately presented in defending against a legal action on the contract, thus affording no adequate remedy at law."[3]

We also found on the record before us no apparent "special circumstances" as would have established a need for equitable relief; the alleged fraud was based substantially upon documentary evidence and upon the testimony of witnesses either employed by the company or amenable to procedures for preserving their testimony. Further, the declaratory judgment action was instituted when it was known that the pending lawsuit to establish the loss for which the company might be held accountable would likely come to trial within a year, so that there was reason to believe that an action on the insurance contract would not be unduly delayed.

Instead of reversing and ordering a jury trial, however, we remanded to the district court for a hearing on the adequacy of the insurer's legal remedy, since the trial judge had not applied the correct standard, and since "[f]actors not presently appearing in the record may exist which demonstrate that delay in adjudicating the fraud issue likely would have prejudiced appellee's case seriously."[4] At the first remand hearing, a different trial judge held, without taking testimony, the equity invariably took cognizance of such actions and that the insurer's remedy at law was inadequate. On appeal, this court again remanded, because the trial judge had neither applied the law of the case nor held the kind of hearing contemplated.[5]

The present appeal follows from the second remand hearing, at which still another District Judge, after taking testimony, determined that the remedy at law was inadequate and that the insurer was entitled to equitable relief. One defendant appeals, claiming that the trial judge's findings of fact are clearly erroneous,[6] and that at any rate they are legally insufficient to support the conclusion that the insurer's remedy at law would have been considered inadequate.

 The trial judge thought three factors made the legal remedy inadequate. He found that several essential witnesses might have disappeared, to the prejudice of the insurer. But the insurer did not attempt to show, and the district court did not find, that the testimony of these witnesses could not be preserved by deposition, as suggested in the first opin-

1. Named as defendants in the declaratory judgment action were: Reeves, the insured; James, the driver of the insured's auto; and Dona, a passenger in the auto.

2. James v. Pennsylvania General Insurance Co., 121 U.S.App.D.C. 251, 253, 349 F.2d 228, 230 (1965). Circuit Judge Danaher then dissenting took the position that the trial judge under FED.R. CIV.P. 39(a) (2) was authorized upon his own initiative to find that a right of trial by jury did not exist. 121 U.S.App. D.C. at 255–256 n. 1, 349 F.2d at 232– 233 n. 1.

3. *Id.* at 254, 349 F.2d at 231.

4. *Id.* at 255, 349 F.2d at 232.

5. James v. Pennsylvania General Insurance Co., 125 U.S.App.D.C. 271, 371 F. 2d 736 (1966).

6. The appellee insists that we are bound to accept those findings. We need not pass upon this claim, for we have concluded, for reasons to be developed, that the findings are legally insufficient in any event.

ion. The District Judge also found that "important documentary evidence"—an insurance agent's file—had been misplaced and was not available at the time the insurer filed the suit. But the insurer did not show how, by bringing a suit for cancellation in equity, it could guard against any prejudice to its ability to establish the fraud. And the trial judge made no findings regarding any such prejudice. It would seem that once the file was lost, the harm was done, no matter when the insurer was called upon to prove its case. We conclude that neither of these factors established "special circumstances" which would justify granting the insurer equitable relief.

A more difficult question is posed by the remaining finding—that certain check stubs in the possession of the insured were reported lost. These stubs constituted the heart of the proof of fraud, since one central question was the date on which the insured made payment on the policy. An insurer faced with the possibility of fraudulent conduct by an insured might well be prejudiced if there was a danger that important documentary evidence in the possession of the insured would be lost before the insured sued on the contract. And there may be circumstances in which only a suit for equitable relief could protect the insured against such harm. But here the information contained in the check stubs was also available in the records of the insured's bank, and, in fact, the insurer was able to make use of these records at the original declaratory judgment trial. There was no showing by the insurer that these records could not have been preserved for its use to prevent any prejudice if they were lost. Moreover, the evidence adduced at the first trial, whether documentary or through the witnesses then presented, had obviously become part of the trial record and is still available, whether the documents or the witnesses are or not.

We conclude that the District Judge erred in denying this defendant a jury trial. We reverse the judgment and remand with instructions to vacate the original declaratory judgment and hold a new trial with a jury if this defendant so desires.

So ordered.